**Rule 1007.    Commencement of Action.**

An action may be commenced by filing with the prothonotary**:**

(1)    a **[praecipe]** *praecipe* for a writ of summons, or

(2)    a complaint.

Note:  For the form of the writ of summons, **[see]** *see* Rule 1351**[, infra]**.

**[See]** *See* Rule 205.5 governing the requirement for filing a cover sheet with the pleading commencing the action.

**Rule 2005(b) does not authorize the filing of a *praecipe* for a writ of summons if an unknown defendant is to be identified by a Doe designation.**


**Rule 1018.    Caption**

Every pleading shall contain a caption setting forth the name of the court, the number of the action and the name of the pleading.  The caption of a complaint shall set forth the form of the action and the names of all the parties, **including a Doe designation for an unknown defendant as provided in Rule 2005,** but in other pleadings it is sufficient to state the name of the first party on each side in the complaint with an appropriate indication of other parties.

Note: Civil Actions and proceedings shall be captioned ''Court of Common Pleas of _____ County -- Civil Action'' or other appropriate form of action.

The caption of all legal papers filed in a medical professional liability action must contain the designation ''Civil Action -- Medical Professional Liability Action.'' **[See]** *See* Rule 1042.16.

The caption of all legal papers filed in a civil action by and against a minor must designate the minor by the initials of his or her first and last name.  *See* Rule 2028.

**Rule 1033.   Amendment.**

(a)     A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading.  The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense.  An amendment may be made to conform the pleading to the evidence offered or admitted.

(b)     An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within **[ninety] <u>90</u>** days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

<u>**(c)     An amendment substituting the actual name of a defendant for a Doe designation as provided in Rule 2005 relates back to the date of the commencement of the action if, within the time provided by Rule 401 for service, the defendant named by the amendment has received actual or constructive notice of the commencement of the action such that it will not be prejudiced in maintaining a defense on the merits and the defendant knew or should have known that the action would have been brought against it but for lack of knowledge of the defendant's actual name.**</u>

**[This is an entirely new rule.]**

**Rule 2005.   Unknown Defendant.      Doe Designation.**

(a)      This rule shall only apply to *in personam* actions.

(b)      The plaintiff or joining party may designate an unknown defendant by a Doe designation in a complaint provided that:

(1)      a defendant's actual name is unknown to the plaintiff or joining party after having conducted a reasonable search with due diligence;

(2)       the Doe designation is averred to be fictitious;

(3)       a factual description of the unknown defendant is averred with sufficient particularity for identification; and

(4)      the plaintiff or joining party avers that a reasonable search to determine the actual name has been conducted.

> Note:  This rule does not authorize use of a Doe designation in an action commenced by a writ of summons.
>
> The unknown defendant should be designated by a Doe designation such as John Doe or Jane Doe.

(c)      Within 20 days after the actual name of the defendant has been identified, the plaintiff or joining party shall file a motion to amend the complaint pursuant to this rule and Rule 1033 by replacing the Doe designation with the defendant's actual name.  An affidavit shall be attached to the motion describing the nature and extent of the investigation that was made to determine the identity of the defendant, and the date upon and the manner in which the defendant's actual name was identified.

> Note:  Rule 1033 and this rule govern the requirements for amending a complaint to replace a Doe designation with the actual name of a defendant.

(d)     The court shall grant a motion to amend filed pursuant to subdivision (c) unless the court finds that the party seeking the amendment failed to exercise due diligence in identifying the actual name of the defendant.

(e)     A defendant introduced to an action by its actual name in an amended complaint, after the filing of a motion pursuant to subdivision (c) and the court's ruling, may respond by preliminary objection challenging compliance with this rule, asserting prejudice or any other ground set forth in Rule 1028.

(f)     No subpoena in aid of discovery relating to a defendant identified by a Doe designation may be issued or be served without leave of court upon motion stating with particularity from whom information is sought and how the discovery will aid in identification of the unknown defendant.  In deciding the motion, the court shall weigh the importance of the discovery sought against unreasonable annoyance, embarrassment, oppression, burden, or expense to any person or party from whom the discovery is sought, and prejudice to any person or entity suspected of being the unknown defendant. Leave to serve a subpoena in aid of discovery does not preclude a challenge to the subpoena by the person or entity served.

(g)     No final judgment may be entered against a defendant designated by a Doe designation.

**Rule 2252.   Right to Join Additional Defendants.**

(a)   Except as provided by Rule 1706.1, any party may join as an additional defendant any person not a party to the action who may be

>   (1)  solely liable on the underlying cause of action against the joining party,

or

>   Note:  The term "underlying cause of action" refers to the cause of action set forth in the plaintiff's complaint or the defendant's counter-claim.

>   (2)   **[Rescinded.**

>   **(3)   Rescinded.**

>   **(4)]**   liable to or with the joining party on any cause of action arising out of

the transaction or occurrence or series of transactions or occurrences upon which

the underlying cause of action against the joining party is based.

>   Note:  **[Paragraph (4)] <u>Subdivision (a)(2)</u>** permits a joining party to join an additional defendant who may be liable over on the underlying cause of action against the joining party or jointly and severally liable with the joining party.

>   The joinder of an additional defendant in a class action is limited by Rule 1706.1 to the grounds set forth in that rule.

(b)   The joining party may file as of course a **[praecipe]** *praecipe* for a writ or a complaint.

>   **<u>Note: Rule 2005(b) does not authorize the filing of a *praecipe* for a writ of summons if an unknown defendant is to be identified by a Doe designation.</u>**

>   (1)   If the joinder is by writ, the joining party shall file a complaint within

twenty days from the filing of the **[praecipe]** *praecipe* for the writ.  If the joining

party fails to file the complaint within the required time, any other party may seek

5

a rule to file the complaint and an eventual judgment of **[non pros]** _non pros_ in the manner provided by Rule 1037(a) for failure to file a complaint.

(2)     The complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set forth the facts relied upon to establish the liability of the joined party and the relief demanded.

Note: For the form of notice to defend in a complaint to join an additional defendant, **[see]** _see_ Rule 1018.1.

(c)     The writ to join an additional defendant shall be directed to the additional defendant and shall be substantially in the following form:

Commonwealth of Pennsylvania

County of _____

(Caption)

To _____: (Name of Additional Defendant)

You are notified that _____
(Name(s) of Defendant(s))

has (have) joined you as an additional defendant in this action, which you are required to defend.

Date _____

Seal of Court                    _____
(Name of Prothonotary (Clerk))

By _____
(Deputy)

**[(d)     Rescinded.]**

Note: **[See]** _See_ Rule 1031.1 governing cross-claims for the procedure to assert a claim against a person already a party to an action.